**Caitlin V. Mitchell**, OSB # 123964
cmitchell@justicelawyers.com
**Keith A. Reed**, OSB # 205506
kreed@justicelawyers.com
JOHNSON JOHNSON LUCAS & MIDDLETON, PC
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Phone: 541/683-2506
Fax:     541/484-0882
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

| | |
|---|---|
| **ESPRIT STEWARD,**<br><br>                Plaintiff,<br><br>v.<br><br>**WELLPATH LLC,**<br><br>                Defendant. | Case No. 6:21-cv-00185<br><br>**COMPLAINT**<br><br>**Title VII of the Civil Rights Act of 1964, ORS 659A.030, ORS 659A.183, ORS 659A.199**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTORY STATEMENT

**1.**

Wellpath LLC (Wellpath) cut the shifts of employee Esprit Steward, an emergency medical technician (EMT) within the Douglas County Jail, after she had her baby and took parental leave. When Steward complained of the discrimination, Wellpath told her she was wrong and failed to investigate. Within a few weeks, it put her on indefinite leave and never returned her to work.  This is an action under Title VII and related state laws for pregnancy discrimination and other claims.

Page **1-COMPLAINT**

## PARTIES

**2.**

Esprit Steward is a former employee of Wellpath and a resident of Roseburg, Oregon.

**3.**

Wellpath is a foreign limited liability company with its principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

**4.**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

**5.**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**6.**

Wellpath is a private, for-profit company that markets itself to county and state jails and prisons to provide medical services to inmates. Douglas County has contracted with Wellpath to meet the jail's constitutional duty to provide medical care to inmates. Wellpath employed at least 25 people within Oregon in 2019.

**7.**

Wellpath employed Esprit Steward as an Emergency Medical Technician (EMT) in the Douglas County jail from August 12, 2018 through July 21, 2019. Steward generally worked five 8-hour shifts per week.

**8.**

On or about September 2018, Esprit Steward informed her supervisor at Wellpath, Tracy Simpson, that she was planning to get pregnant. When she became pregnant, Steward arranged with Simpson to take parental leave following the birth of the baby.

**9.**

In April 2019, Esprit Steward learned that a male co-worker, Keith Kloster, was improperly distributing and withholding medication from female inmates. Inmates complained to Ms. Steward that they were not receiving their nightly medications during Kloster's shifts. One inmate said that Kloster made her beg for her prescribed medications. Another female inmate told Steward that Kloster said she has "really pretty eyes." Steward personally observed Kloster following certain female inmates and asking for their contact information, and she suspected Kloster was giving unprescribed medication to female inmates whom he favored. Steward was concerned about both the inmates not receiving crucial medications and about potential sexual harassment by Kloster toward female inmates.

**10.**

In approximately April 2019, Tracy Simpson left Wellpath and Stephen McElvaine replaced him. Esprit Steward informed McElvaine about her previously-established plans regarding parental leave.

**11.**

In May 2019, Steven McElvaine informed Steward that Wellpath had hired a new EMT who would replace Steward while she was on parental leave. McElvaine told Steward, in front of two co-workers, that she "put the company in this position when [she] chose to get pregnant" and that her employment would be affected as a result.

**12.**

On May 28, 2019, Steward informed McElvaine about Kloster's improper medication distribution. She also shared her concerns about the potential sexual harassment of female inmates. The next day Steward went on parental leave.

**13.**

While Steward was out on leave, McElvaine told a co-worker that Steward had put the company in an awkward position by "making up allegations" against Kloster, and that Steward needed to "learn to keep her mouth shut." McElvaine further said Steward would not be returning to her regular shifts because of her "false allegations" and "her decision to get pregnant." McElvaine repeatedly texted Steward while she was out on leave pressuring her to return early.

**14.**

On or about June 12, at the end of her parental leave, Esprit Steward contacted Wellpath and informed them that she was ready to return to her regular shift schedule. McElvaine told Steward that there were no shifts available.

**15.**

Steward contacted McElvaine's supervisor, Rachel Petchell, and told Petchell that McElvaine had retaliated against her for taking parental leave and for reporting Kloster's rule violations. Petchell told Steward that Steward was wrong. Upon information and belief, Petchell failed to follow Wellpath's policy regarding complaints of discrimination, and Wellpath did not investigate Steward's disclosures.

**16.**

Wellpath did not allow Steward to return to work until June 24, 2019. When she did return, she was assigned only two shifts per week.

**17.**

In June 2019, Keith Kloster's employment at Wellpath was terminated.

**18.**

On July 21, 2019, Wellpath placed Esprit Steward on unpaid administrative leave of unspecified duration. It has never returned her to work.

**19.**

On October 7, 2019, Steward filed a complaint with the Civil Rights Division of the Oregon Bureau of Labor and Industries (BOLI), which cross-filed with the EEOC. BOLI issued a Notice of Substantial Evidence Determination on October 7, 2020, finding substantial evidence that Wellpath unlawfully retaliated against Ms. Steward for her invocation of protected leave and discriminated against her because of her sex. BOLI issued a 90-day right to sue notice on October 7, 2020.

**FIRST CLAIM FOR RELIEF**
**Title VII – 42 U.S.C. §§ 2000e to 2000e-17**

Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

**20.**

By cutting her shifts, blaming her for becoming pregnant, refusing to investigate her claims of discrimination and retaliating against her for making them, Wellpath discriminated against Esprit Steward because of sex, in violation of 42 U.S.C. 2000e-2.

**21.**

Esprit Steward lost valuable income and a position she loved due to Wellpath's discrimination and retaliation. She also suffered humiliation, injustice, and emotional distress.

**22.**

Esprit Steward is entitled to reinstatement, back pay, and compensatory damages in an amount to be determined by the jury at trial.

**23.**

Esprit Steward is further entitled to her reasonable attorney fees and costs.

### SECOND CLAIM FOR RELIEF
### ORS 659A.030 – Sex Discrimination

Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

**24.**

By cutting her shifts, blaming her for becoming pregnant, refusing to investigate her claims of discrimination and retaliating against her for making them, Wellpath discriminated against Esprit Steward because of sex in violation of ORS 659A.030.

**25.**

Esprit Steward lost valuable income and a position she loved due to Wellpath's discrimination and retaliation. She also suffered humiliation, injustice, and emotional distress.

**26.**

Esprit Steward is entitled to reinstatement, back pay and compensatory damages in an amount to be determined by the jury at trial.

**27.**

Esprit Steward is further entitled to her reasonable attorney fees and costs.

## THIRD CLAIM FOR RELIEF
## ORS 659A.183 -- OFLA Retaliation

Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

**28.**

By cutting Esprit Steward's shifts when she returned from parental leave and ultimately terminating her, Wellpath retaliated against Steward for taking protected leave, in violation of ORS 659A.183(2).

**29.**

As a result of Wellpath's unlawful retaliation for taking protected leave, Esprit Steward suffered lost wages, humiliation, and emotional distress.

**30.**

Pursuant to ORS 659A.885, Plaintiff is entitled to reinstatement, back pay, and the recovery of reasonable costs and attorney fees.

## FOURTH CLAIM FOR RELIEF
## ORS 659A.199 -- Whistleblower Retaliation

Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

**31.**

Esprit Steward reported what she reasonably believed to be evidence of violations of laws and regulations governing the practice of medicine, regulations governing interactions with in-custody persons, and laws against sexual harassment. Wellpath retaliated against Steward for her reports by cutting her shifts and placing her on unpaid leave in violation of ORS 659A.199.

**32.**

As a result of Wellpath's unlawful retaliation, Esprit Steward suffered lost wages, humiliation, and emotional distress. Steward is entitled to reinstatement, back pay and compensatory damages in an amount to be determined by the jury at trial.

**33.**

Esprit Steward is further entitled to her reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court enter judgment in her favor and award the following relief:

a) Reinstate Esprit Steward to her position as an EMT for Wellpath at the Douglas County Jail;

b) Declare that Wellpath engaged in unlawful sex discrimination and retaliation against Esprit Steward;

c) Award back pay to Esprit Steward for her lost income;

d) Award compensatory damages in amount to be determined by the jury;

e) Award reasonable attorney fees and costs as allowed under federal and state law;

f) Award prejudgment interest; and,

g) Grant all other relief as this Court deems just and proper.

Respectfully submitted this 3rd day of February, 2021.

JOHNSON JOHNSON LUCAS & MIDDLETON, PC

/s/ Caitlin V. Mitchell
**Caitlin V. Mitchell**, OSB # 123964
cmitchell@justicelawyers.com
**Keith A. Reed**, OSB # 205506
kreed@justicelawyers.com
975 Oak Street, Suite 1050
Eugene, OR 97401-3124
Telephone:   541/683-2506
Fax:              541/484-0882
Attorneys for Plaintiff

Page **8-COMPLAINT**